[Nos. 48300–1, 48511–9.  En Banc.  February 10, 1983.]

EMERY FRANK HARRIS, *Respondent,* v. C. R. M. KASTAMA, *Appellant.*

KEITH JOHNATHAN ROGERS, *Respondent,* v. JAMES SPALDING, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Michael P. Lynch, Assistant,* for appellants.

*Emery Frank Harris,* pro se, and *William D. McCool,* for respondents.

PEARSON, J.—The State, in two consolidated appeals, challenges the delivery from custody of two prisoners whose applications for habeas corpus were granted by the Superior Court.

The single issue before us is whether the proscription, by Const. art. 1, § 14, of cruel punishment prohibits incarceration beyond the present maximum sentence of a prisoner sentenced under a repealed statute which provided for longer sentences than the present maximum. We hold that it does not.

Respondent in the first of these two cases, Emery Frank Harris, pleaded guilty on May 21, 1974, to one count of indecent liberties. He was given a suspended sentence of 20 years' imprisonment, and remanded to the sexual psychopathy program at Western State Hospital. He was released from Western State on April 29, 1976, and placed on 3 years' probation. His probation was revoked on October 14, 1978, and on May 16, 1979, the Board of Prison Terms and Paroles fixed his minimum sentence at 10 years.

Harris applied for a writ of habeas corpus from the Walla Walla County Superior Court on July 6, 1981. On October 8, 1981, the trial judge, in a letter opinion, concluded that the 20–year maximum sentence for indecent liberties was constitutionally disproportionate and therefore cruel punishment. The State appealed this holding on November 20, 1981. On April 5, 1982, the Superior Court entered a final judgment, findings of fact, conclusions of law, and an order formalizing the conclusions of the letter opinion.

Respondent in the second case, Keith Johnathan Rogers, was convicted on October 6, 1971, on one count each of indecent liberties and indecent exposure. The court imposed 20–year concurrent sentences on each count. These sentences were suspended on condition that Rogers successfully complete the sexual psychopathy program at Western State Hospital. On November 9, 1972, the suspension was revoked for failure to complete the program. The Board of Prison Terms and Paroles set Rogers' minimum term at 15 years.

On April 6, 1981, Rogers applied to the Walla Walla County Superior Court for a writ of habeas corpus, challenging the parole board's extending his minimum term by 3 years. On October 6, 1981, Rogers moved to amend his application for habeas corpus by adding the claim that his sentence constituted cruel punishment. The court granted his motion. On November 3, 1981, the court rejected Rogers' challenge to the extension of his minimum term, but the court accepted his claim of cruel punishment. In a letter opinion dated December 15, 1981, the court granted Rogers' application for habeas corpus. The court stayed Rogers' release on two conditions: that the State appeal within 30 days, and that Rogers be transferred to a sexual psychopathy program within 60 days. Findings, conclusions, and an order embodying the terms of the opinion letter were entered on January 14, 1982.

The State appealed to this court on February 8, 1982, and on March 24, 1982, moved to stay the release of Rogers. The State argued that it was impossible to fulfill the second condition imposed by the trial court because there was no statutory authority to transfer Rogers to a sexual psychopathy program. This motion to stay was denied on April 9, 1982. On April 12, 1982, the Superior Court ordered Rogers' release from prison.

On May 17, 1982, the State's appeal in the Rogers case was consolidated with that in Harris.

In 1975, subsequent to the sentencing of both petitioners, the maximum penalties for the offenses of indecent liberties and indecent exposure were substantially reduced by the enactment of the Washington Criminal Code, Laws of 1975, 1st Ex. Sess., ch. 260; codified as RCW Title 9A. This enactment represented a substantial amendment of the criminal laws of this state. Many crimes were redefined, certain noncommercial, consensual sexual acts were decriminalized (*see* Survey of Washington Law, *Sex Crimes,* 12 Gonz. L. Rev. 575 (1977)), and a new tariff of criminal penalties was introduced. RCW 9A.20.020. As a result of this amendment, the maximum penalties for the

offenses of indecent liberties and indecent exposure were reduced on July 1, 1976.

Before the 1975 amendment took effect, the offense of indecent liberties was governed by RCW 9.79.080, which provided for a maximum penalty of 20 years' imprisonment for indecent liberties with a child under the age of 15. Since July 1, 1976, the offense of indecent liberties has been governed by RCW 9A.44.100, which provides that it is a class B felony, punishable by a maximum sentence of 10 years (RCW 9A.20.020).

Similarly, prior to the 1975 amendments, indecent and obscene exposure was a felony under RCW 9.79.080 and punishable by up to 20 years' imprisonment. Under the present criminal code, the corresponding offense is public indecency under RCW 9A.88.010, which carries a maximum penalty of 1 year's imprisonment.

The new criminal code includes a savings clause which provides:

> The laws repealed by RCW 9A.98.010 are repealed except with respect to rights and duties which matured, penalties which were incurred, and proceedings which were begun before July 1, 1976.

RCW 9A.98.020.

The trial court concluded that the reduction of the maximum sentence for indecent liberties from 20 years to 10 years rendered the maximum term of 20 years so disproportionate to the new maximum term of 10 years as to constitute cruel punishment.

The trial court based its reasoning on the opinion of this court in *State v. Fain,* 94 Wn.2d 387, 617 P.2d 720 (1980).

■ *Fain* is founded on the proposition that "a punishment clearly permissible for some crimes may be unconstitutionally disproportionate for others." 94 Wn.2d at 396. In determining whether a sentence is disproportionate, objective standards should be used "to minimize the possibility that the merely personal preferences of judges will decide the outcome". 94 Wn.2d at 397. The court analyzed the issue by applying standards enunciated in *Hart v. Coiner,*

483 F.2d 136, 27 A.L.R. Fed. 93 (4th Cir. 1973). The federal court said in *Hart* at page 140:

> [T]here are several objective factors which are useful in determining whether the sentence in this case is constitutionally disproportionate. The test to be used is a cumulative one focusing on an analysis of the combined factors.

The court went on to apply four such factors:

1. The nature of the offense.

2. The purpose behind the legislation imposing the sentence.

3. The punishment which would have been received in other jurisdictions for the same offense.

4. The punishment meted out for other offenses in the same jurisdiction.

This court in *Fain* applied three of these factors, omitting the second. In a footnote, we warned that the second factor "should be employed with caution" because of the need for deference to legislative judgments as to appropriate punishments for criminal offenses. *State v. Fain,* 94 Wn.2d at 401 n.7, 402.

Applying these three factors, we decided that a sentence of life imprisonment constitutes cruel punishment when imposed upon a person found to be a habitual criminal based upon three convictions for minor offenses not involving violence to persons.

The trial court concluded that it was unnecessary in the present cases to consider all of the factors applied in *Fain.* The court reasoned that the Legislature itself had determined in effect that the 20–year maximum sentence was disproportionate to the offense of indecent liberties. In enacting the 1975 legislation, the Legislature had declared one of its purposes to be to "prescribe proportionate penalties for each" crime. RCW 9A.04.020(1)(d). Therefore, the legislative determination of the proportionate maximum sentence for indecent liberties is 10 years. This legislative determination of the proportionate sentence, in the trial court's opinion, rendered it unnecessary to consider all of

the factors applied in *Fain*. There was therefore no need to consider the nature of petitioners' offenses, or the punishments imposed in other jurisdictions for the same offenses, or other punishments imposed in this state for similar offenses. The court said in its letter opinion in Harris v. Kastama:

> [T]he legislative determination in 1975 that ten years is the proportionate sentence for the crime of indecent liberties is absolutely binding on this Court, absent any proof to the contrary. It follows that the twenty–year sentence is constitutionally disproportionate.

The trial court's reasoning overlooks the savings clause which expressly preserves penalties which were incurred before July 1, 1976. RCW 9A.98.020. This provision leads us to conclude that the Legislature has a rather more complex view of proportionality than that attributed to it by the trial court. If RCW 9A.98.020 is read together with RCW 9A.04.020(1)(d), it appears that the Legislature considers 10 years proportionate to offenses of indecent liberties committed since July 1, 1976, while 20 years is proportionate to such offenses committed prior to that date. The trial court therefore erred in concluding that the 1975 enactments constituted a legislative determination that 10 years is the proportionate sentence for the crime of indecent liberties.

Moreover, the trial court's analysis is inconsistent with our opinion in *Fain*. In effect, the trial court resolved the issue by considering only the legislative purpose behind the sentence. As we have pointed out above, this is the factor which we warned in *Fain* should be "employed with caution." Rather than heeding this caveat, the trial court employed only that factor, to the exclusion of the other three. The calculation of the constitutional proportionality of penalties must be based upon a consideration of all the factors enumerated in *Fain*.

Our consideration of the *Fain* criteria leaves us in no doubt that petitioners have failed to establish that their punishment is cruel. We find the first of these criteria deci-

sive in this case.

Petitioners have shown nothing in the nature of these offenses which might persuade us that their punishment is cruel. In *Fain* we were shown that all the offenses involved the use of fraud to obtain small amounts of money totaling less than $470. We have been provided with no such information about the offenses committed by these petitioners. The record before us is extremely sparse. It contains nothing to suggest that the offenses were minor or insignificant. On the contrary, it indicates that the offenses involved the sexual abuse of children. Such offenses are very different from the minor property crimes before us in *Fain*. We relied in *Fain* on comments by Justice Powell that such minor nonviolent crimes against property posed little danger to "the peace and good order of a civilized society." *Rummel v. Estelle*, 445 U.S. 263, 295, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980) (Powell, J., dissenting). Sexual offenses against children pose a considerable threat to the peace and good order of society. We are extremely reluctant in such cases to conclude that the legislatively prescribed penalty is disproportionate to the offense. Certainly, we refuse to do so when we know so little about the offenses committed by petitioners.

Knowing so little of the nature of the offenses, we cannot effectively compare the sentences received by petitioners with sentences for the same offenses in other jurisdictions, or for similar offenses in this state. The second and third *Fain* factors are therefore not persuasive in this case.

The final factor is to consider whether the purpose of the statute imposing the punishment could be equally well served by a less severe penalty. We reiterate the caveat expressed in *Fain* that this factor should be used with caution. Nevertheless, reduction of the penalty by the Legislature may well be relevant in considering this factor. It is, however, by no means conclusive and should be considered only in conjunction with the other three factors. The legislative purpose alone is not sufficient to establish disproportionality where, as in the present case, the other three

factors do not also suggest that the punishment is cruel.

Accordingly, we reverse the trial court, and order that petitioners be returned to custody to serve the terms of their sentences, the minimums of which are within the discretion of the Board of Prison Terms and Paroles. In this connection, we note that the Board has the discretion to consider maximum sentences required under the new criminal code in determining the appropriate minimum sentences.

WILLIAMS, C.J., STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DORE, J., concurs in the result.

Reconsideration denied April 8, 1983.