[No. 8060–5–II.  Division Two.  September 14, 1984.]

*In the Matter of the Personal Restraint of*
ROBERT A. BLAIR, *Petitioner.*

*Robert A. Blair,* pro se.

*Kenneth O. Eikenberry, Attorney General, William C. Collins, Senior Assistant,* and *Paul A. Silver, Assistant,* for respondent.

PETRICH, C.J.—Robert A. Blair petitions for immediate release from the McNeil Island Corrections Center, where he is serving a 10–year term for second degree assault committed in Pierce County in December 1982. The Board of Prison Terms and Paroles set petitioner's discretionary minimum term at 60 months. He alleges that had he been sentenced under the Sentencing Reform Act of 1981, codified in RCW 9.94A, he would have received a 17–month determinate sentence. He argues that this disparity works a denial of equal protection and violates legislative intent. We deny the petition.

Petitioner seeks essentially to have the sentencing reform act applied retroactively. The act fundamentally changes the sentencing system in this state. Formerly, the trial judge pronounced a statutorily authorized maximum sentence for a given crime—in this case, 10 years for the class B felony of second degree assault (RCW 9A.36.020(2); 9A.20.020(1)(b)), and the Board of Prison Terms and Paroles had the duty of setting the minimum term of imprisonment actually to be served, based on various factors and sources of information pertaining to the particular offender. *See* RCW 9.95.010; 9.95.030–.052. For most prisoners, their minimum term has been a small fraction of the maximum sentence. The parole board had authority to redetermine the minimum sentence, RCW 9.95.052; reduce sentences in time of war, RCW 9.95.055; reduce the sentence by "good time" earned, RCW 9.95.070; increase the minimum for infractions of institutional rules, RCW 9.95-.080; and release a prisoner on parole, RCW 9.95.110.

The new act gradually phases out the parole board, *see* RCW 9.95.009, and replaces the previous sentencing scheme with a schedule of predetermined terms of incarceration for

each crime.[1] The penal system loses much of its flexibility to treat each offender individually, but gains certainty and uniformity of punishment. Punishment replaces the rehabilitative ideal. *See* RCW 9.94A.010; 9.94A.220; Comment, *Thoughts on a Recipe for Just Deserts: The Sentencing Reform Act of 1981,* 18 Gonz. L. Rev. 263, 292 (1982–83). The act created a sentencing guidelines commission that has followed its mandate to establish a "grid" of presumptive standard range sentences for each felony, taking into account the nature of the present offense and the offender's prior record. *See* RCW 9.94A.040; 9.94A.300–.370. Generally speaking, the sentencing court is directed to impose a sentence within the standard range listed on the grid, and may not depart from the range unless it finds, considering the purpose of the act, that there are substantial and compelling reasons justifying an exceptional sentence. RCW 9.94A.120(1), (2). The sentence thus imposed is what actually will be served. Only a sentence outside the range may be appealed. RCW 9.94A.210.

The Sentencing Reform Act of 1981 was made effective on July 1, 1984 to allow all parties concerned time to prepare for it. RCW 9.94A.905. That section goes on to state that the "sentences required under this chapter shall be prescribed in each sentence which occurs for a felony committed after June 30, 1984." Moreover, while RCW 9.95.009(1) provides for abolition of the parole board on July 1, 1988, subsection (2) states that from July 1, 1984 until such abolition, the parole board "shall continue its functions with respect to persons incarcerated for crimes committed prior to July 1, 1984", attempting to make its decisions reasonably consistent with the new standard ranges. Hence, for petitioner to contend that the Legislature intended to apply the act to crimes committed before July 1, 1984 simply flies in the face of the explicit statutory

---

[1] Parole is abolished in the act, although "good time" may still be earned, RCW 9.94A.150(1), and clemency and pardons remain possible, RCW 9.94A.260. Not all offenders must be incarcerated. *See* RCW 9.94A.120(5), (6); 9.94A.380.

language. The statutes are unambiguous as to the coverage of the act. *Cf. State v. Cook,* 31 Wn. App. 165, 178, 639 P.2d 863 (1982) (effective date of 1976 criminal code similarly unambiguous). The act applies only to those who commit crimes on or after July 1 of this year.

Petitioner argues that RCW 9.95.040, the preexisting statute giving the parole board authority to set minimum terms, has been repealed by implication as concerns him and others similarly situated. We disagree. That statute, among others, was expressly repealed, but only as to felonies committed on or after July 1, 1984. Laws of 1981, ch. 137, § 32, p. 533. As discussed above, RCW 9.95.009(2) gives the parole board continuing authority to perform its usual duties with respect to crimes committed before that date.

We reject also petitioner's argument that the equal protection clause entitles him to a reduction in his minimum sentence to comport with the new sentencing guidelines.

In construing the equal protection clause, the Washington Supreme Court has recently characterized physical liberty not as a "fundamental" right, but as a "basic" human right warranting an "intermediate" degree of judicial scrutiny of legislation affecting it. *State v. Phelan,* 100 Wn.2d 508, 512–14, 671 P.2d 1212 (1983). Thus, the challenged law must "fairly be viewed as furthering a substantial interest of the State" in order to be upheld. *Phelan,* 100 Wn.2d at 512, quoting *Plyler v. Doe,* 457 U.S. 202, 217–18, 72 L. Ed. 2d 786, 102 S. Ct. 2382 (1982).

Applying this test, we find no denial of equal protection. The State has a substantial interest in changing its sentencing scheme to accommodate current trends in penology. *See* Comment, *Thoughts on a Recipe for Just Deserts: The Sentencing Reform Act of 1981, supra* at 304, and authorities cited therein. The determinate approach of the sentencing reform act is a considered attempt to combat the epidemic of criminal acts that impinge upon the quality of life in our society. *See* Bayley, *Good Intentions Gone Awry—A Proposal for Fundamental Change in Criminal*

*Sentencing,* 51 Wash. L. Rev. 529, 539–40 (1976). Variations on this approach have received much study and have been implemented in other states. *See, e.g.,* Note, *Determinate Sentencing in California and Illinois: Its Effect on Sentence Disparity and Prisoner Rehabilitation,* 1979 Wash. U. L.Q. 551; Gardner, *The Determinate Sentencing Movement and the Eighth Amendment: Excessive Punishment Before and After Rummel v. Estelle,* 1980 Duke L.J. 1103; *Symposium on Determinate Sentencing,* 5 Hamline L. Rev. 161 (1982). Such a thoughtful, widespread effort toward controlling crime obviously furthers a substantial public interest.

Compelling practical considerations are at work as well. A chronological line had to be drawn to mark the effective date of the act, meaning that thenceforth criminal offenders would be subject to it, while prior offenders were not.[2] For the Legislature to have declared that everyone in prison would fall under the new act would have intolerably overburdened the judicial system: virtually every person would have to be brought before the courts for resentencing; reconstruction of all of those presentence records for the judges to use in deciding whether to sentence within the standard range would be impossible. To compound the problem, many of the judges involved in the resentencing would be new to the case and unfamiliar with it.

We find no denial of equal protection, nor any other reason to declare that the sentencing reform act should be applied retroactively. Petitioner and others who committed felonies before July 1, 1984 are not entitled to revision of their sentences as though they were subject to the act.

---

[2]Similarly, when the present Washington Criminal Code, RCW Title 9A, was adopted, it was made applicable to any offense committed on or after July 1, 1976, but offenses committed before that date were to be handled under the prior code. RCW 9A.04.010(2), (3).

Petition denied.

PETRIE and REED, JJ., concur.