[No. 6636–3–III.   Division Three.   September 25, 1984.]

*In the Matter of the Personal Restraint of*
WILLIE EARL TOWNSEND, *Petitioner.*

*Willie Earl Townsend,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Paul A. Silver, Assistant,* for respondent.

MUNSON, C.J.—Willie Earl Townsend seeks relief from personal restraint imposed by the failure of the Board of Prison Terms and Paroles to readjust his prison sentence

under RCW 9.95.009(2).

Mr. Townsend is presently incarcerated pursuant to his convictions for first degree robbery and first degree burglary in Franklin County in July 1982, and for other convictions not relevant to this decision. On December 27, 1982, the parole board set Mr. Townsend's minimum terms at 123 months for each count, to run concurrently, with 7½ years as a mandatory minimum under RCW 9.95.040.

Mr. Townsend contends his minimum under the Sentencing Reform Act of 1981, effective July 1, 1984, and specifically RCW 9.94A.040 would be 41 to 54 months, with 24 months added for being armed with a weapon.

█ Mr. Townsend's contention is without merit. RCW 9.94A.905 reads, in pertinent part: "The sentences required under this chapter shall be prescribed in each sentence which occurs for a felony committed after June 30, 1984." Mr. Townsend's crimes were clearly committed prior to June 30, 1984; his sentences do not come within the statute.

RCW 9.95.009(2) reinforces our interpretation of the intent of the Legislature:

> Prior to its expiration and after July 1, 1984, the board shall continue its functions with respect to persons incarcerated for crimes committed prior to July 1, 1984. The board shall consider the standard ranges and standards adopted pursuant to RCW 9.94A.040, and shall attempt to make decisions reasonably consistent with those ranges and standards.

This statute unambiguously applies to individuals convicted before July 1, 1984, but who did not have their minimum sentences determined by the parole board until after July 1, 1984. Mr. Townsend had his minimum determined well before that date.

█ A sentence longer than that permitted under present law, but which was imposed under a prior statute, is not necessarily unconstitutionally disproportionate to the crime. *Harris v. Kastama*, 98 Wn.2d 765, 657 P.2d 1388 (1983). Mr. Townsend has made no showing the parole board has treated him differently from other persons con-

victed and sent to prison before July 1, 1984.
The petition is dismissed.

McINTURFF and THOMPSON, JJ., concur.