[No. 52639–7. En Banc. August 7, 1986.]

*In the Matter of the Personal Restraint of*
SAMUEL HUNTER, *Petitioner.*

*Culp, Dwyer, Guterson & Grader,* by *Murray B. Guterson,* and *Wolfe & Cullen,* by *James E. Lobsenz,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Steven L. Abel* and *Aaron K. Owada, Assistants,* for respondent.

· *Patricia J. Arthur* on behalf of Evergreen Legal Services, amicus curiae for petitioner.

ANDERSEN, J.—At issue in this case is whether the Board of Prison Terms and Paroles (parole board) erred in imposing a 5–year mandatory minimum sentence, pursuant to this state's deadly weapon statute,[1] for a crime committed prior to July 1, 1984. Petitioner Samuel Hunter claims that his sentence impermissibly conflicts with the provisions of the Sentencing Reform Act of 1981 (SRA)[2] and the principles we recently enunciated in *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986).

On May 30, 1984, petitioner pleaded guilty to a charge of second degree assault while armed with a deadly weapon. He committed the crime in March of 1983. The trial judge on July 18, 1984, sentenced petitioner to a maximum 10–year prison term, as provided by statute.[3] Both the sentencing judge and the prosecuting attorney recommended that the parole board set petitioner's minimum term at less than 5 years. In a letter to the parole board, the prosecuting attorney recommended that petitioner's minimum term be set at 15 to 21 months, the term he would have received under the SRA had he committed the crime after July 1, 1984.[4] The parole board, however, set his minimum term at 5 years in accordance with the requirements of the deadly weapon statute.[5]

---

[1]RCW 9.95.040(1).

[2]RCW 9.94A.010 *et seq.*

[3]RCW 9.95.010, 9A.20.020(1)(b), 9A.36.020(2).

[4]*See* RCW 9.94A.310–.320.

[5]RCW 9.95.040(1).

Petitioner has been incarcerated at McNeil Island Corrections Center since July 18, 1984. Following a January 1986 progress review hearing, the parole board left his 5–year minimum sentence intact, citing his conviction on the deadly weapon charge as its reason. Our opinion in *Myers* was filed shortly thereafter. In *Myers,* we required the parole board to recompute the minimum terms of certain persons who had committed crimes prior to July 1, 1984. Following *Myers,* the parole board again considered petitioner's sentence, and again declined to reduce his 5–year minimum term. Thereupon petitioner filed a personal restraint petition in this court.

One issue is presented.

## ISSUE

Did the parole board err when it set petitioner's minimum sentence at 5 years, in accordance with the terms of the deadly weapon statute, RCW 9.95.040(1)?

## DECISION

CONCLUSION. Although the Legislature directed the parole board to attempt to make decisions reasonably consistent with the sentencing standards contained in the Sentencing Reform Act of 1981, it also directed the board to impose a 5–year minimum term for pre–July 1, 1984 crimes in which a first felony offender, such as the petitioner, was armed with a deadly weapon. We conclude that petitioner's sentence is valid, and is not subject to recomputation pursuant to *Myers.*

Petitioner pleaded guilty to a charge of second degree assault while armed with a deadly weapon; he had no prior felony convictions. Because he committed this crime prior to July 1, 1984, his minimum term was fixed by the parole board.[6] RCW 9.95.040 directs the parole board to impose a mandatory minimum term where the offense involves a deadly weapon. At the time of the filing of the petition herein, that statute provided:

---

[6]RCW 9.95.040.

The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, *the duration of confinement shall not be fixed at less than five years.*

(Italics ours.) The parole board relied on this statute in fixing petitioner's minimum term at 5 years.

When the Legislature enacted the SRA, it expressly declared that the deadly weapon statute no longer applied to felony offenses *committed on or after July 1, 1984.*[7] The Legislature provided that persons convicted of crimes committed after that date were to be sentenced in accordance with the SRA guidelines.[8] These statutory guidelines provide for a presumptive sentence based on the seriousness of the offense and the offender's criminal history. In addition, the guidelines require that extra time be factored into the presumptive sentence in certain cases wherein the offender was armed with a deadly weapon. Had petitioner committed the crime *after* July 1, 1984, his presumptive sentence would have totaled 15 to 21 months (3 to 9 months for second degree assault, plus an additional 12 months because of the deadly weapon).[9]

Even though petitioner committed his crime *prior* to July 1, 1984, he argues that his minimum term should likewise have been set at 15 to 21 months, not 5 years. He bases his argument primarily on RCW 9.95.009(2), which at the time he filed his petition herein provided:

Prior to its expiration and after July 1, 1984, the [parole] board shall continue its functions with respect to persons incarcerated for crimes committed prior to July 1, 1984. The board shall consider the standard ranges

---

[7]RCW 9.95.900.

[8]RCW 9.94A.300, .905.

[9]RCW 9.94A.310–.320.

and standards adopted pursuant to [the SRA], and shall attempt to make decisions reasonably consistent with those ranges and standards.

██ As ably expressed and vigorously argued as petitioner's position is, we are not persuaded to adopt it. The foregoing statute requires the parole board to "consider" the SRA standards, and to "attempt" to make decisions reasonably consistent with them. The deadly weapon statute, however, expressly mandates a mandatory minimum sentence which exceeds those standards. Where two statutes are in apparent conflict, we will if possible reconcile them to the end that each may be given effect.[10] Applying that principle here, we conclude that the parole board has not violated its duty under the above statute (RCW 9.95-.009(2)). The effect of the deadly weapon statute is simply to prohibit the board from matching the SRA standards in cases such as this one.[11]

Furthermore, the Legislature has made it eminently clear that it intended to have the deadly weapon statute apply to pre–July 1, 1984 crimes, such as that committed by the petitioner. Contrary to petitioner's assertion, the deadly weapon statute was not repealed. Rather, the Legislature provided only that the deadly weapon statute shall *not* apply to post–July 1, 1984 crimes.[12] It logically follows that this statute *does* apply to crimes committed prior to that date.

More recent legislation serves to confirm this conclusion. The Legislature has just recently enacted Laws of 1986, ch. 224 (amending RCW 9.95). This new statute, effective July 1, 1986, provides in part that henceforth the court, not the

---

[10]*State v. Fagalde*, 85 Wn.2d 730, 736, 539 P.2d 86 (1975).

[11]RCW 9.95.009(2) has been amended effective July 1, 1986 to require the parole board to give "adequate written reasons" whenever it fixes a minimum term outside the SRA standards. Laws of 1986, ch. 224, § 6, p. 728. This does not affect our analysis, however, since the deadly weapon statute itself provides the statutory reason for imposing a 5–year mandatory minimum term.

[12]RCW 9.95.900.

parole board, will set the minimum terms of persons sentenced after July 1, 1986 for pre–July 1, 1984 crimes. Of significance to this case, this new statute adds:

The court shall attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges adopted under [the Sentencing Reform Act], *but the court is subject to the same limitations as those placed on the board under RCW . . . 9.95.040(1) [the deadly weapon statute] . . .*[13]

(Italics ours.) The provisions of the deadly weapon statute are then restated, in full, with a few changes not relevant here.[14] This new legislation thus clearly indicates the continuing intent of the Legislature to be that the deadly weapon statute has been, and continues to be, applicable to pre–July 1, 1984 crimes.

Our recent decision in *Myers* does not require a different result. In *Myers,* we held invalid a parole board regulation which gave the board "full discretion"[15] to set minimum terms for persons convicted of pre–July 1, 1984 crimes. As we there observed, that regulation impermissibly allowed the board to avoid its statutory duty[16] to attempt to make decisions reasonably consistent with the SRA standards.[17] Accordingly, we directed the board to recompute all minimum terms set pursuant to this regulation which fell outside the SRA standards unless adequate reasons existed in the record to justify a departure from those standards.[18]

*Myers* is inapplicable where, as here, the Legislature has specifically directed that the parole board impose a 5–year minimum term and the board has followed that mandate.

---

[13]Laws of 1986, ch. 224, § 7, p. 729.

[14]Laws of 1986, ch. 224, § 9, p. 730.

[15]*In re Myers,* 105 Wn.2d 257, 262–63, 714 P.2d 303 (1986).

[16]RCW 9.95.009(2).

[17]*Myers,* at 263–64.

[18]*Myers,* at 268–69.

Under the deadly weapon statute, the parole board had no discretion to impose a lesser minimum sentence. To order the board to recompute petitioner's minimum sentence under these circumstances would thwart the Legislature's purpose in enacting the deadly weapon statute. This we cannot do.[19]

Finally, petitioner's arguments pertaining to the denial of parole are premature. Petitioner argues that the parole board has statutory authority to parole an inmate prior to the expiration of a mandatory minimum term in certain cases where the inmate has demonstrated a meritorious effort in rehabilitation and at least two-thirds of the board members concur in such action.[20] Parole board regulations apparently, however, deny any such consideration for parole until an inmate has served at least 2 years of a 5-year mandatory minimum term.[21] Since petitioner had not served 2 years at the time this case was brought and argued, the parole board has yet to make any decision regarding parole and there is no issue properly before us in that connection.

The parole board did not err in imposing a 5-year mandatory minimum sentence on the petitioner pursuant to the express mandate of the deadly weapon statute, RCW 9.95-.040(1).

Petition denied.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[19] *See Grant v. Spellman,* 99 Wn.2d 815, 818, 664 P.2d 1227 (1983).

[20] RCW 9.95.040.

[21] *See Board of Prison Terms and Paroles Policies and Procedures Manual,* Rule 3.140 (published in WAC Title 381 (Supp. 1981–1982)).