[No. 9055-8-III.   Division Three.   February 28, 1989.]

JERRY DON FOSTER, *Appellant,* v. THE INDETERMINATE
SENTENCE REVIEW BOARD, *Respondent.*

*Nancy Horgan,* for appellant.

*Kenneth O. Eikenberry, Attorney General, William L. Williams, Senior Assistant,* and *James B. Hansen, Assistant,* for respondent.

GREEN, J.—On May 18, 1982, Jerry Don Foster and an accomplice, Patricia Miley, abducted a Vancouver woman, selected at random, from the parking lot of Jantzen Beach Shopping Center in Portland, Oregon. Mr. Foster drove the

victim in her own car into Washington to a rest stop where her eyes and mouth were covered with duct tape and her hands bound together. Ms. Miley drove another vehicle to a motel near Vancouver and rented a room. Mr. Foster took the victim to the motel where he and Ms. Miley robbed her of jewelry, credit cards and other personal belongings. They then proceeded to brutally rape the victim for a period of 3 hours. Her emotional trauma was extreme. The victim was then driven away from the motel and released.

After their arrest, both Mr. Foster and Ms. Miley were charged with first degree rape, first degree kidnapping and second degree robbery. In a plea agreement with the Cowlitz County Prosecutor, Mr. Foster pleaded guilty to first degree kidnapping and second degree robbery in exchange for dismissal of the rape charge. In his statement on plea of guilty, he stated the abduction was with intent "to facilitate felony of Robbery in the Second Degree and inflict extreme mental distress" on the victim. He received maximum concurrent sentences of 240 months for the kidnapping and 120 months for the robbery.

In March 1987 the Indeterminate Sentence Review Board (ISRB), formerly the Board of Prison Terms and Paroles, conducted a progress review in accordance with *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 730 P.2d 1327 (1986) and set Mr. Foster's minimum sentence on the kidnapping conviction at 178 months. The robbery sentence remained at 120 months. Mr. Foster then filed two petitions for writ of habeas corpus in Walla Walla County contending his sentence was improperly enhanced. These petitions were dismissed. He appealed directly to the Supreme Court which transferred the appeal to this court. Following oral argument, disposition was stayed pending the decision in *In re Whitesel,* 111 Wn.2d 621, 763 P.2d 199 (1988).

Meanwhile, after additional progress reviews by the ISRB, Mr. Foster's minimum sentences have been reduced to 138 months for the kidnapping and 113 months for the robbery. As a result, some of his contentions are now moot.

The thrust of Mr. Foster's several remaining contentions is that the ISRB has erred by failing to adjust his sentences to the standards provided for in the Sentencing Reform Act of 1981 (SRA). We find no error and affirm the trial court's dismissal of his petitions.

First, Mr. Foster contends the duration of his confinement should have been fixed by the ISRB within the SRA standard ranges. He argues the facts giving rise to the dismissed rape count were erroneously used to enhance his sentence in violation of RCW 9.94A.370(2) which proscribes use of unproven or uncharged crimes as a basis for imposing an exceptional sentence. RCW 9.94A.370(2). *State v. McAlpin*, 108 Wn.2d 458, 740 P.2d 824 (1987). There was no error.

█ █ Since Mr. Foster was convicted in 1982, ISRB decisions concerning the duration of his confinement are governed by RCW 9.95.009(2):

> [T]he board shall consider the purposes, standards, and sentencing ranges adopted pursuant to RCW 9.94A.040 and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to make decisions reasonably consistent with those ranges, standards, purposes, and recommendations: *Provided,* That the board and its successors shall give adequate written reasons whenever a minimum term or parole release decisions [decision] is made which is outside the sentencing ranges adopted pursuant to RCW 9.94A.040. In making such decisions, the board and its successors shall consider the different charging and disposition practices under the indeterminate sentencing system.

In *Addleman,* at 511, the court stated:

> The Board is required to consider the purposes, standards and ranges of the SRA and make decisions reasonably consistent with them. The mandate for reasonably consistent decisions does not superimpose exactly the SRA upon the prior system. The prison and parole system is still applicable to those sentenced before July 1, 1984. The Board is making the same types of decisions but it is now required to consider different factors.

For adequate written reasons and in extraordinary cases, the ISRB may deviate from the ranges provided in the SRA and impose an exceptional sentence. *Whitesel,* at 628; *Addleman,* at 511; *In re Myers,* 105 Wn.2d 257, 266, 714 P.2d 303 (1986). In doing so, it may rely on the aggravating factors delineated in RCW 9.94A.390. *Addleman,* at 511.

Here, the ISRB properly considered the instant case to be extraordinary with aggravating factors. The recommendations of the prosecuting attorney and judge as corroborated by statements from the victim and inculpatory statements from Ms. Miley disclose the kidnapping and robbery were aggravated by brutal, multiple rapes. In his statement on plea of guilty, Mr. Foster stated he intentionally abducted the victim to inflict extreme mental distress upon her during the course of a robbery. The circumstances surrounding the kidnapping and robbery demonstrate he inflicted far more mental anguish than would usually be necessary in the course of committing those crimes. *See State v. Ratliff,* 46 Wn. App. 466, 469, 731 P.2d 1114 (1987). The ISRB's reasons and decisions reflect a proper balancing of SRA principles with the different charging and disposition practices of the indeterminate sentencing system. We find no abuse of discretion by the ISRB in finding deliberate cruelty to be an aggravating factor, RCW 9.94A-.390(2)(a), in arriving at Mr. Foster's minimum term. *In re Myers, supra.*

Second, Mr. Foster contends he was denied due process when he was not granted an in–person hearing and given notice of the adverse information used to set his minimum sentences. We find no error.

The record reflects that on December 28, 1982, Mr. Foster acknowledged in writing that he had received the adverse information considered by the parole board in fixing his minimum terms. He provided the board with his written comments on that information, stating he did not remember much of what took place because he was "totally

drunk" at the time of the kidnapping. At oral argument counsel asserted Mr. Foster should have been allowed to testify in person that he was "blacked out" and therefore could not have engaged in deliberate cruelty. This argument is without merit as Mr. Foster admitted in his plea agreement he acted intentionally. Moreover, the record discloses that comments by Mr. Foster have generated subsequent redeterminations of his minimum terms at which the ISRB has, in effect, candidly admitted errors and reduced his sentence accordingly. We find the requisite due process was provided to Mr. Foster. *In re Whitesel, supra; In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979).

Third, Mr. Foster contends the 1986 amendment to RCW 9.95.009(2) created multiple classes of pre–SRA offenders who are now receiving disparate treatment in their sentences. He argues he is a member of a suspect class and that a violation of his equal protection has resulted. This argument is foreclosed by *Whitesel,* at 633–35.

Fourth, Mr. Foster contends he was denied equal protection because his minimum sentences are greater than that of his codefendant, Ms. Miley. He claims he is entitled to further adjustment of his sentences. We disagree.

The record before this court is inadequate to support this contention. Mr. Foster must establish there was an abuse of discretion in fixing the two sentences. *In re Myers, supra.* This he failed to do. It is noted that Ms. Miley volunteered a complete account of the incident to law enforcement officials, against her own penal interests, and these statements were corroborated by those of the victim.

The other contentions raised by Mr. Foster are without merit.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.