[No. 10216-1-II. Division Two. January 22, 1987.]

*In the Matter of the Personal Restraint of*
DARRELL E. ROLSTON, *Petitioner.*

*Craddock D. Verser, Public Defender,* for petitioner.

*John F. Raymond, Prosecuting Attorney,* and *Steven L. Olsen, Deputy,* for respondent.

REED, C.J.—Petitioner, Darrell E. Rolston, filed an appeal with this court seeking review of the trial court's decision setting petitioner's minimum term outside the presumptive range of the sentencing reform act. On review this court has determined that the court's decision is not appealable. However, it will be considered as a personal restraint petition.

Prior to July 1, 1986 the parole board set minimum terms of incarceration. RCW 9.95.040. Review of such parole board decisions was obtained by filing a personal restraint petition. RAP 16.3(a). Such decisions were not reviewable by appeal or by discretionary review as they did not meet the criteria of RAP 2.2 or RAP 2.3. After July 1, 1986 the trial court, rather than the parole board, has the responsibility of fixing minimum terms for offenses committed before July 1, 1984. RCW 9.95.011. However, the court's minimum term decision is subject to review to the same extent as a minimum term decision by the parole board before July 1, 1986. RCW 9.95.011. Thus, the proper procedure to obtain review of a trial court decision fixing a minimum term of incarceration is to file a personal restraint petition. In order to facilitate review of the minimum term decision on the merits, this court will disregard the defect in filing it as a notice of appeal and treat it as a personal restraint petition.

Petitioner pleaded guilty to indecent liberties in 1982 for incidents occurring in 1979. In 1979, while petitioner was living with a woman and her 4–year–old daughter in Port Townsend, he engaged in oral sex with the child on a daily basis for approximately 6 months. Petitioner insisted that the little girl wanted this attention and forced her sexual desires upon him.

By the time these acts were discovered, petitioner and the victim's mother had separated and petitioner had moved to California. He was charged with statutory rape in the first degree, but as a result of a plea bargain the charge was reduced to indecent liberties. On July 9, 1982, an order was entered deferring imposition of sentence and placing petitioner on probation for 5 years on the conditions that, *inter alia,* he complete the Marin County, California, child sexual abuse treatment program, and avoid contact with children under the age of 16. Petitioner was terminated from the treatment program after the discovery of an incident during which he took an 8–year–old girl on his lap and fondled her under her clothing. He then absconded from probation and moved to Orcas Island. While there he opened a pottery class for children. A young boy in the class began exhibiting signs of psychological distress. When contacted by authorities, he alleged that petitioner had engaged in sexual contact with him. The boy later recanted his story.

During the 3–day probation revocation hearing, testimony was presented regarding further sexual contact with the 2–year–old daughter of another girl friend. On March 7, 1986, the trial court entered an order modifying the conditions of probation. It ordered Rolston to satisfactorily complete the sexual psychopath program at Western State Hospital. The hospital evaluation team found petitioner not amenable to treatment in their program and not safe to be at large. Therefore, they recommended a prison term. The court then entered an order revoking probation and set a minimum term of 20 months. The sentencing reform act presumptive range for petitioner's offense is 12 to 14

months. Petitioner asserts that the court's reasons for exceeding the range are not sufficient. RCW 9.94A.120(3).

The reasons provided by the court are as follows: (1) petitioner's subsequent offense would increase the standard range to 15 to 20 months; (2) age and vulnerability of the victim; (3) frequency and degree of the original offense; (4) flagrant violations of probation prohibitions; (5) creating and abusing trust; (6) repeated failure of treatment; (7) lack of appreciation for damage caused; and (8) potential danger to the community.

The Legislature, in enacting the Sentencing Reform Act of 1981, provided for determinate sentencing effective July 1, 1984. It also provided for the gradual phaseout of the former indeterminate sentencing system. The former system was not repealed, it was merely made inapplicable to those committing felonies after 1984. RCW 9.95.900; *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 730 P.2d 1327 (1986). Meanwhile, the courts and the Department of Corrections must simultaneously accommodate the needs of the two fundamentally different systems—the former based on a rehabilitative mode, the latter premised on a philosophy of "just desserts." RCW 9.94A-.010. To reduce the discrepancies between the time served by inmates under the former and new systems, the Legislature adopted RCW 9.95.009(2) which provides:

(2) After July 1, 1984, the board shall continue its functions with respect to persons convicted of crimes committed prior to July 1, 1984, and committed to the department of corrections. When making decisions on duration of confinement, and parole release under RCW 9.95.100 and 9.95.110, the board shall consider the purposes, standards, and sentencing ranges adopted pursuant to RCW 9.94A.040 and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to *make decisions reasonably consistent* with those ranges, standards, purposes, and recommendations: *Provided,* That the board and its successors shall give adequate written reasons whenever a minimum term or parole release decisions [decision] is made which is outside the sentencing ranges adopted

pursuant to RCW 9.94A.040. In making such decisions, the board and its successors shall consider the different charging and disposition practices under the *indeterminate sentencing system.*

(Italics ours.)

■ The trial court, as the successor to the board with the responsibility to set minimum terms, must also be guided by this language. However, this requirement of reasonable consistency "does not superimpose exactly the SRA upon the prior system." *Addleman,* at 511. For example, insufficient rehabilitation is an appropriate consideration under the former indeterminate sentencing scheme. *Addleman,* at 511. However, rehabilitation of the offender is not a justifying purpose for sentencing under the act. D. Boerner, *Sentencing in Washington,* Introduction at I–2 (1985).

Thus, the trial court must consider the presumptive ranges contained in the act when setting a minimum term. Furthermore, it must follow these ranges or provide adequate reasons supported by the record for the departure. However, in some instances, appropriate reasons for departing from the range under the former system, with its rehabilitative goal, will differ from those reasons which are acceptable under the act's determinate sentencing scheme.

Turning now to the reasons provided by the court, we first note that it would be inappropriate to consider a subsequent offense under the act. RCW 9.94A.370; *State v. Harp,* 43 Wn. App. 340, 342, 717 P.2d 282 (1986). However, in this case, the numerous and flagrant probation violations provide excellent evidence of petitioner's lack of respect for the court's authority, of his lack of meritorious effort at rehabilitation, and of his inclination to continue to reoffend. This information is relevant to a decision regarding an appropriate release date, *see Lindsey v. Superior Court,* 33 Wn.2d 94, 204 P.2d 482 (1949), and thus is properly considered in setting the minimum term. As the court's remaining reasons relate either to the vulnerability of the victim or petitioner's prospects for rehabilitation, they are also appropriate considerations in setting a minimum term.

All reasons provided by the court are amply supported by the record.

The personal restraint petition is dismissed.

PETRICH and ALEXANDER, JJ., concur.