[No. 18124-6-I.   Division One.   December 21, 1987.]

*In the Matter of the Personal Restraint of*
ANDREW N. EVICH, *Petitioner.*

---

*Dennis Benjamin* and *Rita Griffith* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General, Kathleen D. Spong, Senior Assistant,* and *Mickey Brock* and *Steven L. Abel, Assistants,* for respondent.

SCHOLFIELD, C.J.—Andrew N. Evich petitions for release from confinement, urging this court to find that the Board of Prison Terms and Paroles (hereinafter the Board) erred in failing to apply RCW 9.94A.200(2)(b) in determining his new minimum sentence. We deny the petition.

FACTS

Evich was convicted of murder in the second degree in 1974, and was sentenced to a life term. He was paroled in July 1980 and was required, as a condition of that parole, to obey all laws, to report regularly to his probation officer and not to enter Whatcom County without permission of his parole officer.

In April 1985, Evich's parole was suspended and he was arrested for allegedly violating conditions of his parole. These alleged violations were (1) that Evich was found

guilty in Seattle Municipal Court of contributing to the delinquency of a minor, (2) that Evich had sexual contact with a 15–year–old male, (3) that Evich was in possession of and had cultivated a controlled substance, and (4) that Evich possessed the controlled substance with the intent to deliver.

After a parole hearing in 1985, Evich was found guilty of all of the violations, with the exception of possession with intent to deliver, and his parole was revoked. The Board member issuing the report listed as reasons for the revocation that Evich's current activities with drugs, alcohol and predatory sexual behavior upon young males correlated with his original crime of murdering a 6–year–old male with sexual implications involved.

Evich's new minimum term was set at 48 months. Pursuant to the Washington Supreme Court's decision in *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986), Evich's minimum term was reviewed in June 1986. The Board's decision was for the minimum term to remain at 48 months, after taking into account the standard range established under provisions of the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, of 123 to 164 months and the amount of time already served prior to parole (apparently 100.5 months, with good time).

The reasons for setting the new minimum term at 48 months were that Evich's conduct while on parole demonstrated that he was not rehabilitated and was not a fit subject for release, based on the parole violations in which he had sexual contact with a 15–year–old male and had possessed and cultivated a controlled substance. The Board noted that an updated psychological evaluation to determine Evich's safety to be released, including treatment recommendations, was advisable.

Evich filed a personal restraint petition with this court, arguing that the new minimum term was excessive, and that he should have been sentenced to a maximum term of 180 days (three 60–day terms) for violations of conditions

of his sentence, pursuant to RCW 9.94A.200(2)(b).[1] In June 1987, the petition was referred to a panel of this court for hearing.

The issue to be resolved here is whether RCW 9.94A-.200(2)(b) applies to and controls the setting of an additional minimum term following a parole revocation on a pre–SRA conviction.

RCW 9.95.009(2), as originally enacted, provided in pertinent part:

> (2) Prior to its expiration and after July 1, 1984, the board shall continue its functions with respect to persons incarcerated for crimes committed prior to July 1, 1984. The board shall consider the standard ranges and standards adopted pursuant to RCW 9.94A.040, and shall attempt to make decisions reasonably consistent with those ranges and standards.

In *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 730 P.2d 1327 (1986), our Supreme Court construed RCW 9.95.009(2) with respect to persons who received minimum terms prior to July 1, 1984, and held:

1. That RCW 9.95.009(2) is a remedial statute that has retroactive application.

2. That decisions by the Board on duration of confinement should take into consideration the standards and ranges of the SRA and be reasonably consistent therewith.

3. That the prison and parole system was not repealed by the SRA, but remains in effect and applies to those persons imprisoned for crimes committed prior to July 1, 1984.

---

[1]RCW 9.94A.200(2)(b) provides:

"(2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

". . .

"(b) If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation, and may convert a term of partial confinement to total confinement. Any time served in confinement awaiting a hearing on noncompliance shall be credited against any confinement order by the court; . . ."

In reaching its decision in *Addleman*, the court relied in part upon the 1986 amendment of RCW 9.95.009(2), which clarified the original language.[2]

*Addleman* sets forth the principles of statutory construction applicable here at page 509:

> In general, when construing a statute the court's purpose is to ascertain and give effect to the intent of the Legislature. *Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 110, 676 P.2d 466 (1984); *State v. Keller*, 98 Wn.2d 725, 728, 657 P.2d 1384 (1983). Each provision must be viewed in relation to other provisions and harmonized if at all possible to insure proper construction of every provision. *Burlington Northern, Inc. v. Johnston*, 89 Wn.2d 321, 326, 572 P.2d 1085 (1977). Statutes should not be interpreted so as to render any portion meaningless, superfluous or questionable. *Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 138, 641 P.2d 169, 646 P.2d 128 (1982).

■ The setting of a new minimum term of confinement following a parole revocation is a substantially different proceeding from the imposition of sanctions provided in RCW 9.94A.200(2)(b). As pointed out by D. Boerner at section 10.13 of his book, *Sentencing in Washington* (1985), the section .200(2)(b) 60-day sanctions exist only to enforce compliance with conditions imposed as part of an SRA sentence. They are not designed to further other goals such as rehabilitation and deterrence.

---

[2] "(2) After July 1, 1984, the board shall continue its functions with respect to persons convicted of crimes committed prior to July 1, 1984, and committed to the department of corrections. When making decisions on duration of confinement, and parole release under RCW 9.95.100 and 9.95.110, the board shall consider the purposes, standards, and sentencing ranges adopted pursuant to RCW 9.94A.040 and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to make decisions reasonably consistent with those ranges, standards, purposes, and recommendations: PROVIDED, That the board and its successors shall give adequate written reasons whenever a minimum term or parole release decisions [sic] is made which is outside the sentencing ranges adopted pursuant to 9.94A.040 RCW. In making such decisions, the board and its successors shall consider the different charging and disposition practices under the indeterminate sentencing system." Laws of 1986, ch. 224, § 6, p. 728.

Since the SRA when fully implemented will have no parole system, there is no basis for finding a legislative intent to apply the 60-day sanctions to a parole violation under a pre-SRA sentence.

In contrast to the apparent purpose of the section .200(2)(b) sanctions, the purpose of parole revocation under the indeterminate sentencing system was to advance rehabilitation and to deter parolees from conduct that violated parole conditions. Under that system, a person could be released on parole prior to serving a full sentence in an effort to speed up the rehabilitative process. If the effort failed, the consequences of parole revocation were often far more serious than 60 days of confinement.

The rehabilitative aspect of the indeterminate sentencing system is recognized in *In re Rolston,* 46 Wn. App. 622, 732 P.2d 166 (1987), where the court states at page 625:

> The Legislature, in enacting the Sentencing Reform Act of 1981, provided for determinate sentencing effective July 1, 1984. It also provided for the gradual phase-out of the former indeterminate sentencing system. The former system was not repealed, it was merely made inapplicable to those committing felonies after 1984. RCW 9.95.900; *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 730 P.2d 1327 (1986). Meanwhile, the courts and the Department of Corrections must simultaneously accommodate the needs of the two fundamentally different systems—the former based on a rehabilitative mode, the latter premised on a philosophy of "just desserts." RCW 9.94A.010.

We also note that in *Addleman,* the court recognized the importance of the role rehabilitation plays in the indeterminate sentencing system by stating at page 511:

> Examples of reasons for decisions not conforming to the SRA at parole hearings would be insufficient rehabilitation and improper parole plans. . . .

The Board, in setting Evich's new minimum term following parole revocation at 48 months, complied with the statutory mandate to make duration of confinement decisions

consistent with the standard ranges of the SRA. The standard range for Evich under the SRA was 123 to 164 months. Evich had served the equivalent of 100.5 months. Adding 48 months to 100.5 months placed him squarely within the standard range.

Affirming the Board's actions here gives effect to the apparent legislative intention of leaving the Board with authority to act with respect to parole revocations involving persons serving pre–SRA sentences, but wherever possible harmonizing new minimum sentences with SRA standards. Limiting applications of RCW 9.94A.200 to cases of violation of conditions of sentences imposed under the SRA gives full effect to the legislative purpose behind that statute. Under the circumstances involved here, we are satisfied that the challenge to the Board's action in setting Evich's new minimum sentence should be rejected.

## EQUAL PROTECTION

Evich contends that his right to equal protection guaranteed by the fourteenth amendment to the United States Constitution and Const. art. 1, § 12 was violated by the new minimum term of 48 months. He argues that had he been convicted and sentenced initially under the SRA, he could have been sentenced to no more than 180 days for three violations of conditions of his sentence.

Equal protection of the laws under state and federal constitutions requires that persons similarly situated with respect to the legitimate purpose of the law receive like treatment. *Harmon v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978).

The initial inquiry in an equal protection case is whether persons in similar situations are, in fact, treated differently under the law. Here, it is clear that Evich was not treated differently by reason of his conviction preceding July 1, 1984. Had he been sentenced under the SRA originally, he could have received up to 164 months under the SRA standard range. Early parole, the privilege extended to him under the indeterminate sentencing system, would not have

been available under the SRA. Adding 48 months to his time previously served gave him a total of 148.5 months. He has the same opportunity to avail himself of good time under both systems. *See* RCW 9.94A.150(1).

From the undisputed facts, it is clear there was no differential treatment of Evich and therefore no denial of equal protection.

The petition is denied.

SWANSON and WEBSTER, JJ., concur.