[No. 17983-7-I.   Division One.   February 22, 1988.]

*In the Matter of the Personal Restraint of*
DOUGLAS H. BOLDUC, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Douglas D. Walsh* and *Cheryl G. Strobert, Assistants; Norm Maleng, Prosecuting Attorney,* and *Aaron K. Owada, Deputy,* for respondent.

WETHERALL, J.*—Petitioner Douglas H. Bolduc filed an appeal with this court seeking review of the trial court's dismissal of his petition for a writ of habeas corpus. We affirm.

## FACTS

On May 21, 1975, Bolduc was sentenced to a maximum term of 15 years for the crime of grand larceny. He was paroled on May 20, 1976.

On March 3, 1978, Bolduc was sentenced to a maximum term of 10 years upon conviction of burglary. On April 2, 1979, appellant was again paroled. Shortly thereafter, appellant violated parole and was incarcerated until October 17, 1979, at which time he was again paroled. Approximately 1 month later, appellant violated parole and was incarcerated until his parole release on January 15, 1981. Several months later, appellant violated parole and was again incarcerated. On May 13, 1981, appellant was sentenced to a maximum term of 10 years for the crime of second degree burglary.

---

*This appeal was heard by a Supreme Court Justice, a retired Supreme Court Justice and a Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

On June 1, 1984, appellant was granted parole by the Board of Prison Terms and Paroles. On August 31, 1984, appellant was arrested for violating the conditions of parole. At a subsequent parole revocation hearing, appellant was found guilty of (1) an attempted assault (on July 22, 1984) in which appellant allegedly injured two people when he smashed his fist through the driver's side window of their car following a traffic disagreement, (2) breaking into Steve's TV Store (on August 6, 1984) in Edmonds, Washington, and (3) breaking into Bradbury TV Store (on August 16, 1984) in Edmonds, Washington. The presiding board member concluded that appellant's parole should be revoked and that he should be incarcerated and sentenced to a new minimum term of confinement. The reasons for this conclusion were stated as follows:

> Bolduc has been paroled four times and on the last occasion, was paroled June 1, 1984 and involved in the assault on July 22, 1984. There was no reason whatsoever for such drastic action. Parolee's conduct is that of an extremely dangerous person. Further, he was obviously involved in the break–ins. Parolee appears to be completely out of control. There is no indicated change from previous periods of incarceration. This Board Member recommends a NMT of not less than 60 months. He should be evaluated psychologically.

Following the parole revocation hearing, the Board issued findings and conclusions and a recommendation of a new minimum sentence of 60 months.

On November 15, 1985, Bolduc petitioned the superior court for a writ of habeas corpus asserting that the Board of Prison Terms and Paroles did not have authority or jurisdiction to incarcerate Bolduc for a term of 5 years for violating the terms and conditions of parole.

The State subsequently moved for dismissal of the petition, and on January 25, 1986, the superior court entered a memorandum decision granting the motion. This appeal followed.

Bolduc first contends the Board lacked jurisdiction or

authority to set his minimum term. This argument was rejected in *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986).

Bolduc next contends the superior court erred in concluding that the Board of Prison Terms and Paroles did not abuse its discretion in setting his minimum term of confinement outside the standard ranges set out in the sentencing reform act (SRA). He contends the Board abused its discretion in setting a 60–month minimum term because the written reasons given for the exceptional sentence are inadequate under RCW 9.94A.210, and therefore this court should order resentencing consistent with the SRA. He contends that *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986) supports his argument. We disagree.

In setting a new minimum sentence, the Board is required, under RCW 9.95.009, (1) to consider the purposes, standards, and sentencing ranges adopted pursuant to RCW 9.94A.040, (2) to consider the minimum term recommendations of the sentencing judge and prosecuting attorney, and (3) to attempt to be reasonably consistent with the standards and ranges set forth in RCW 9.94A.040. If the Board sets a minimum term outside the sentencing ranges adopted pursuant to RCW 9.94A.040, the Board "shall give adequate written reasons" for such departure. RCW 9.95.009(2).

In the instant case, once the Board determined that appellant's parole should be revoked, it was required, under RCW 9.95.125, to set "a new minimum sentence, not exceeding the maximum penalty provided by law for the crime for which the parole violator was originally convicted . . ." RCW 9.95.125. The Board proceeded to set a new minimum term of 60 months for appellant's parole violation. Consistent with RCW 9.95.009(2) and *In re Myers, supra,* the Board subsequently reviewed this minimum term in light of the SRA guideline ranges (0 to 3 months for the grand larceny charge, and 2 to 6 months for the first burglary charge, and 4 to 12 months for the second burglary

charge) and issued the following written reasons for exceeding the SRA ranges:

> We recognized that when this gentleman paroled off his prior offenses of larceny, burglary 2nd and another burglary 2nd that had he been convicted [*sic*] of those under the SRA the range would be 0–3 months on grand larceny, burglary 2nd would have been 2–6, and the second burglary 2nd would have been 4–12. That he served original incarceration time on those offenses along with prior parole violations in excess of the SRA. However this man had his parole revoked for the following reasons. Continued failure to abide by the conditions of parole. He has been paroled 4 times, the last being this parole violation ending with these results. He was involved in an assault during which the victim received several facial injuries which have left permanent scars. In addition the victim's wife also received cuts on her leg. Due to violent [*sic*] nature of the new offense we believe that the new minimum term of 60 months is appropriate relative to public safety. It should be noted that the record includes reports for police officer [*sic*] that Mr. Bolduc made threats upon his release, he threaten [*sic*] the life of police officer Perry of Edmonds. It is this panel's opinion that 60 months is needed in order to rehabilitate this person to sufficient degree where he will again be safe to be at large given the nature of his parole violations and the escalation of violence in his history.

Under *In re Myers, supra,* the standard of review is whether the Board abused its discretion in setting the minimum term, and whether the Board gave adequate reasons for departing from the sentencing guidelines. *In re Myers, supra* at 164. In the instant case, appellant's repeated parole violations were properly considered as evidence of appellant's "lack of respect for the court's authority, of his lack of meritorious effort at rehabilitation, and of his inclination to continue to reoffend." *In re Rolston,* 46 Wn. App. 622, 626, 732 P.2d 166 (1987); *Addleman,* at 511. Such evidence, together with the Board's observation that appellant is a threat to public safety, provides "adequate" reasons for imposition of the exceptional sentence. *In re Rolston, supra* at 625–27.

Finally, appellant contends the trial court erred in upholding his 60–month sentence because RCW 9.94A-.200(2)(b) allows a maximum 60–day confinement for each violation of a requirement or condition of his sentence.

■ The setting of a new minimum term of confinement for more than that provided in RCW 9.94A.200(2)(b), following a parole revocation, is not contrary to law as there is no basis to infer a legislative intent to apply the identical sanction to a parole violation under a pre–SRA sentence. *In re Evich*, 50 Wn. App. 84, 747 P.2d 480 (1987).

> The setting of a new minimum term of confinement following a parole revocation is a substantially different proceeding from the imposition of sanctions provided in RCW 9.94A.200(2)(b).

*In re Evich, supra* at 88. Whereas the 60–day sanctions are imposed to enforce compliance with the SRA sentencing scheme, RCW 9.95.125 was designed to further not only compliance with parole conditions but also to further the legislative intent to aid in rehabilitation and sentence. *In re Evich, supra; In re Rolston, supra.* Under the indeterminate parole system, a person, once rehabilitated, is released on parole before the minimum term has been served. In contrast, RCW 9.94A.200(2)(b) imposes a sanction of predetermined and fixed term.

As held in *In re Evich, supra* at 89,

> Since the SRA when fully implemented will have no parole system, there is no basis for finding a legislative intent to apply the 60–day sanctions to a parole violation under a pre–SRA sentence.

Here the parole board considered each of the prior offenses and considered the appropriate sentencing range under the SRA. The Board recognized that the original incarceration time on those violations exceeded the standard range. However, after considering the mandated factors, the parole panel found that more time was needed to rehabilitate the offender for the safety of the community "given the nature of his parole violations and the escalation of violence in his history."

From the undisputed facts, the Board did not abuse its discretion in setting the petitioner's new minimum duration of confinement.

Petition is denied.

DORE and WILLIAMS, JJ. Pro Tem., concur.

Review denied by Supreme Court May 31, 1988.