[No. 18704–0–I.   Division One.   April 6, 1988.]

*In the Matter of the Personal Restraint of*
LARRY ALAN STORSETH, *Petitioner.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Ann E. Salay, Assistant; Seth R. Dawson, Prosecuting Attorney,* and *Michael Magee* and *Seth Aaron Fine, Deputies,* for respondent.

WINSOR, J.—This is another in a series of cases that concern phasing out the indeterminate sentencing system and adjusting to the Sentencing Reform Act of 1981 (SRA). Although the former system was not repealed, it must be adjusted and interpreted in accord with the purposes, standards and ranges of the SRA. RCW 9.95.009(2); *In re Irwin,* 110 Wn.2d 175, 179, 751 P.2d 289 (1988); *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986); *In re Rolston,* 46 Wn. App. 622, 625–26, 732 P.2d 166 (1987). The Indeterminate Sentence Review Board (hereinafter the Board) is charged with making many of these adjustments and interpretations. RCW 9.95.009.

This case, which is before us by the personal restraint petition of Larry Storseth, concerns Storseth's sentence for a pre–SRA armed robbery conviction. On April 11, 1977, Storseth was sentenced to serve a maximum term of 20

years for the robbery conviction.[1] After a confinement of at least 90 months,[2] Storseth was paroled in October 1984.

Storseth's parole was revoked in March 1986. At the revocation hearing, the Board found that Storseth did not report to his community corrections officer in October 1985, and committed second degree burglary while armed with a deadly weapon on November 18, 1984.[3] For these parole violations, the Board sentenced Storseth to a new minimum term of 15 months.

Storseth filed an appeal and a personal restraint petition with this court. The appeal, which addressed alleged errors in the second degree burglary trial, was dismissed. In July 1987, two issues raised by Storseth's petition were referred to a panel of this court: (1) whether RCW 9.94A.200(2)(b) applies to and controls setting a new minimum term following a parole revocation on a pre–SRA conviction; and, if not, (2) whether the Board gave adequate reasons for exceeding the SRA standard range for Storseth's 1977 offense in setting his new minimum term upon parole revocation.

As a consequence of Storseth's petition to this court, the Board reviewed his 15–month sentence on November 2, 1987, to bring it into compliance with its new sentencing rule for parole violators, board rule 2.041. The rule, which was adopted in June 1987, provides:

> NEW MINIMUM TERM New minimum terms of parole violators (RCW 9.95.125) will be set by the Board within 30 days of admission and within the following presumptive ranges:
> 1. Technical/Misdemeanor: 3–6 months

---

[1] Under the SRA, Storseth's standard range sentence for that offense is 75 to 92 months.

[2] The record is unclear as to how long Storseth served prior to parole. Counsel assert that Storseth either served 90 or 93 months before parole. Storseth states that he served 103 months.

[3] A jury found Storseth guilty of that crime on January 15, 1986. The trial judge imposed a standard range sentence.

2. Felony level behavior: 6–12 months
* <u>Any exceptional new minimum term</u> set outside these ranges will require:
  —Adequate reasons supporting an exceptional new minimum term
  —Full Board ratification
* <u>Factors considered in setting a new minimum term include:</u>
  —The length of time previously incarcerated for the commitment offense from which the individual is on parole
  —The SRA ranges of the original offense from which the individual was on parole.
  —The original recommendation of the committing judge and prosecuting attorney
  —Whether or not the parole violation behavior also resulting in an SRA conviction and any incarceration time as a result of the new conviction.
  —Nature of both the original committing offense and the parole violation behavior.

State Register 87–14–013 (1987).

Storseth's term was redetermined at 8 months, a term within the 6– to 12–month presumptive term prescribed by rule 2.041 for one committing felony level behavior while on parole. This 8–month term, when combined with the term already served by Storseth, caused his total sentence for the 1977 robbery to exceed the SRA standard range of 75 to 92 months.[4] The Board's only written reason for the 8–month redetermined sentence was that it was within the 6– to 12–month Board policy range for felony behavior.[5] At oral argument, the Board conceded that it had considered no other factors in setting Storseth's redetermined term.

APPLICATION OF RCW 9.94A.200

■ This court conclusively ruled in the recent case *In re Evich,* 50 Wn. App. 84, 747 P.2d 480 (1987) that the 60–day

---

[4]Depending on the amount of time Storseth served prior to his 1984 parole, Storseth's combined sentence totals 98 to 111 months. See footnote 2.

[5]Administrative Board Decision (Nov. 2, 1987), attached as Exhibit A to respondent's brief.

sanctions of RCW 9.94A.200(2)(b)[6] do not apply to setting a new minimum term after parole revocation on a pre–SRA conviction. The *Evich* court compared SRA section .200-(2)(b) sanctions with parole revocation and resentencing under the indeterminate system and concluded:

> The setting of a new minimum term of confinement following a parole revocation is a substantially different proceeding from the imposition of sanctions provided in RCW 9.94A.200(2)(b). . . . [T]he section .200(2)(b) 60–day sanctions exist only to enforce compliance with conditions imposed as part of an SRA sentence. They are not designed to further other goals such as rehabilitation and deterrence.
>
> Since the SRA when fully implemented will have no parole system, there is no basis for finding a legislative intent to apply the 60–day sanctions to a parole violation under a pre–SRA sentence.

*In re Evich, supra* at 88–89. *Evich* is in accord with earlier cases that uniformly hold the SRA directly applies only to crimes committed on or after July 1, 1984. *In re Irwin, supra* at 183; *Addleman v. Board of Prison Terms & Paroles, supra* at 507–08. We accept the *Evich* analysis.

## ADEQUATE WRITTEN REASONS

Although the Board is not required to directly apply the SRA to crimes committed before July 1, 1984, it is required to review the sentences set for those crimes and attempt to bring them into compliance with the SRA. In so doing, the Board must consider the purposes, standards and sentencing ranges of the act, and make sentencing decisions reasonably consistent with those purposes, standards and ranges. If a sentencing decision does not conform to the SRA, the Board must support its decision with adequate

---

[6]RCW 9.94A.200(2)(b) provides in pertinent part:

"(2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

". . .

"(b) If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation, and may convert a term of partial confinement to total confinement. . . ."

written reasons. RCW 9.95.009(2); *In re Irwin, supra* at 182–83; *Addleman v. Board of Prison Terms & Paroles, supra* at 511.

■ Our decisions under the act recognize that when the Board makes sentencing determinations affecting those sentenced under the indeterminate sentencing system, its reasons for departing from the SRA standard range may necessarily differ from reasons acceptable under the SRA for imposing an exceptional sentence. *Addleman v. Board of Prison Terms & Paroles, supra* at 511; *In re Rolston, supra* at 625–26. The Board therefore has discretion to consider a pre–SRA offender's level of rehabilitation when it makes sentencing decisions outside the SRA standard range. *See Addleman v. Board of Prison Terms & Paroles, supra* (reasons for decisions not conforming to the SRA at parole hearings include insufficient rehabilitation and improper parole plans); *In re Rolston, supra* (the rehabilitative goals of the indeterminate sentencing system can be considered in setting a new minimum term).

The Board is cautioned, however, that a decision not to conform a sentence to terms presumed under the SRA should be the exception, not the rule. *Addleman v. Board of Prison Terms & Paroles, supra* at 511. Commission of a subsequent offense is not per se sufficient to impose a new minimum term outside the SRA presumptive range. The focus must be on other factors, such as lack of rehabilitation. Commission of a subsequent offense is, of course, some evidence of a lack of rehabilitation, as are probation violations indicating lack of respect for the court's authority, lack of meritorious effort at rehabilitation, or an inclination to commit crimes similar in nature to the pre–SRA offense. *See In re Rolston, supra* at 626. Pursuant to *Irwin, Addleman,* and RCW 9.95.009(2), these reasons must be written.

The record in the case before us shows that the Board's sole reason for setting Storseth's redetermined new minimum term at 8 months was that the term fell within the Board's presumptive range sentence for felony level behavior. There is no indication that the Board considered the

sentencing factors set out in board rule 2.041, or that Storseth had served a full standard range sentence for the pre–SRA offense, or that it found the reasons for parole revocation evidenced a lack of rehabilitation sufficient to warrant an exceptional sentence. This automatic application of a presumptive term to Storseth, or to any parolee whose combined pre–parole and post–parole revocation sentences exceed the SRA standard range, violates the requirements of RCW 9.95.009(2) and *Addleman.*

## EQUAL PROTECTION

Storseth also contends that when a new minimum term set for parole violators effectively imposes an exceptional sentence, the equal protection clauses of the federal and state constitutions are violated unless the new minimum term is equivalent to that which would be imposed pursuant to the 60–day sanctions of RCW 9.94A.200. He argues that due only to the date his sentence was entered, he has been treated more harshly than SRA offenders who committed the same offense. Our preceding interpretation of the proper application of RCW 9.95.009(2) to this situation refutes Storseth's contention.

The equal protection clause requires that "persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978). RCW 9.95.009(2), as interpreted in *Addleman,* ensures substantially similar treatment of pre–SRA offenders and SRA offenders by requiring the Board to consider the ranges and standards of the SRA when making confinement duration decisions for pre–SRA offenders, to attempt to make those decisions reasonably consistent with the SRA, and to give adequate written reasons for decisions not in conformance with the SRA.

We have here determined that these requirements extend also to Board sentencing decisions made in conjunction with a parole revocation when a new minimum term is set that causes an offender's combined sentence to exceed the

SRA standard range. The Board must engage in an inquiry in these cases substantially similar to that followed by a court in setting an SRA sentence. Under these standards, Storseth has not been treated differently from SRA offenders and his equal protection rights have not been violated.

We therefore vacate Storseth's minimum term determination and remand this matter to the Board for redetermination consistent with this opinion. Whenever the Board on pre–SRA defendants sets a new minimum term at parole revocation that, when combined with time previously served, amounts to a term that would be an exceptional sentence under the SRA, it must give adequate written reasons for doing so. In addition to satisfying statutory requirements, this rule ensures that meaningful review can be made of the Board's decisions. Because it appears that Storseth is approaching his release date, we order that the redetermination be concluded by the Board no later than 30 days from the date of the mandate from this court.

COLEMAN, A.C.J., and SWANSON, J., concur.