COURT OF APPEALS DIV I
2014 APR 21  AM 9: 06


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 69849-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WAYNE FOLDS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 21, 2014 |

LAU, J. — Under RCW 9.95.011, a sentencing court committing an offender to prison for a crime committed before July 1, 1984, must fix a minimum term and must "attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges under chapter 9.94A RCW of the sentencing reform act . . . ." John Folds contends the sentencing court erred as a matter of law by considering the standard range listed in the current version of the Sentence Reform Act of 1981 (SRA), chapter 9.94A RCW, to fix the minimum term on his conviction of first degree manslaughter committed on February 15, 1983. Because Folds fails to demonstrate error, we affirm.

## FACTS

In November 2012, John Folds pleaded guilty to first degree manslaughter and attempted first degree theft based on incidents that occurred in February 1983. At

sentencing, the parties agreed that the trial court should set the required maximum sentence of 10 years for the manslaughter and 5 years for the attempted theft. Under RCW 9.95.011, the trial court was to then "attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges" of the SRA, which became effective on July 1, 1984. RCW 9.94A.905. The State asked the court to fix the minimum term at 120 months, equal to the maximum term. Folds requested a minimum term of 36 months, referencing the 36- to 48-month standard range which would have been applicable if the offense had been committed after July 1, 1984, under the first version of the SRA. Defense counsel argued:

> The Court has enormous discretion in this case, and the Court can look to the SRA, as the State pointed out in its brief, and it can choose to impose a range that is consistent with today's punishment. The Court could also look at the SRA back in 1984 and 1987 and impose a sentence that is consistent with what the legislature deemed would have been appropriate punishment back then.
> A defendant should not be sentenced to a range that is in effect at the sentencing date. That just doesn't seem fair, Your Honor. If this Court were put in a position to sentence someone who actually committed a crime in 1987, and was in front of them to be sentenced, the Court would have to impose that range back in 1987. So this is completely consistent, it's fair, and it's just.

Verbatim Report of Proceedings (Jan. 25, 2013) (VRP) at 46.

The court then asked defense counsel whether the Supreme Court's decision in In re Pers. Restraint of Stanphill, 134 Wn.2d 165, 171-72, 949 P.2d 365 (1998), allows consideration of current SRA standard ranges when fixing a minimum term for an offense committed before July 1, 1984 under RCW 9.95.011. Defense counsel responded that the Stanphill decision

> doesn't say that the Court must follow that range; it doesn't say that the Court even should follow that range. The holding . . . is that the Court can choose to follow that range if it wishes.

-2-

And I'm in complete agreement with that, Your Honor. But I don't believe there's any case law that says the Court must or should consider current sentencing ranges as opposed to sentencing ranges that were enacted at the time or became law shortly after that.

So the Court has discretion. And for all the arguments that we're making, obviously we're asking the Court to consider the ranges based nearer in time to the incident . . . .

VRP at 48.

Following argument, the court referenced RCW 9.95.011 and reviewed and discussed the items listed in RCW 9.94A.010 describing the purpose of the SRA. With regard to its attempt to fix a minimum term reasonably consistent with the purposes, standards, and sentencing ranges of the SRA, the court stated:

[B]oth parties acknowledge that the Court has discretion there. It does appear the Court could, but is not required to accept the Defense analysis that the Court should look to the standard range sentences applicable close in time to the charged offense here.

However, [Stanphill] does make clear that it is not error either for the Court to relate its decision to current standard range sentences in both cases as long as the sentence imposed by the Court does not exceed the statutory maximum. . . . .

. . .

Accordingly, consistent with the purposes of the SRA, the Court believes that it is appropriate in this case for the Court to refer to the sentencing ranges as they exist today, and the Court will decline to accept the argument of Defense that the Court should go back in time to a lower sentencing range.

VRP at 64-65, 68-69.

The trial court imposed the maximum term of 10 years on the manslaughter and 5 years on the attempted theft, and it fixed minimum terms of 114 months on the manslaughter and 4.5 months on the attempted theft. The court ordered the terms to run concurrently.

Folds appeals.

-3-

ANALYSIS

Despite repeatedly acknowledging the trial court's discretion under RCW 9.95.011 at the sentencing hearing, Folds now claims that the court erred as a matter of law by considering the 2013 SRA sentencing range when fixing his minimum term.

RCW 9.95.011(1) provides in pertinent part:

> When the court commits a convicted person to the department of corrections on or after July 1, 1986, for an offense committed before July 1, 1984, the court shall, at the time of sentencing or revocation of probation, fix the minimum term. The term so fixed shall not exceed the maximum sentence provided by law for the offense of which the person is convicted.
> The court shall attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges under chapter 9.94A RCW of the sentencing reform act .... The court's minimum term decision is subject to review to the same extent as a minimum term decision by the parole board before July 1, 1986.

Before July 1, 1986, review of a parole board decision setting a minimum term "was obtained by filing a personal restraint petition." In re Pers. Restraint of Rolston, 46 Wn. App. 622, 623, 732 P.2d 166 (1987); RCW 9.95.040. A petitioner challenging such a decision could obtain relief, in the form of remand for a new hearing, "upon showing the Board set a minimum term in violation of a statute or regulation." In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 140, 866 P.2d 8 (1994). Accordingly, under RCW 9.95.011, to obtain remand to the trial court to fix a new minimum term, Folds must establish that the court set his minimum term in violation of a statute or regulation.

Essentially, Folds argues that RCW 9.95.011 requires the trial court setting the minimum sentence for a pre-SRA offense to consider the sentencing range closest in time to the offense. In this case, as the State acknowledges, there is a significant difference between the prior and current standard ranges because the legislature increased first degree manslaughter from a class B felony to a class A felony in 1997.

See LAWS OF 1997, ch. 365, §§ 4-5. But Folds fails to identify any authority requiring a trial court setting a minimum term under RCW 9.95.011 to consider any particular standard range other than the one currently in effect at the time of sentencing. And nothing in the language of RCW 9.95.011 directing courts to "attempt" to set minimum terms "reasonably consistent" with the SRA supports his claim of error as a matter of law.

Folds's reliance on statutes and cases requiring reference to laws in effect at the time the crime is committed is unavailing because the crime occurred before the effective date of the SRA and would not have been subject to any SRA standard range absent the requirements of RCW 9.95.011. And Folds's claim that the trial court's consideration of the current standard range here was "contradictory" and "fundamentally unfair" does not establish error as a matter of law.

The Supreme Court rejected certain constitutional challenges to the use of the current version of the SRA for the purposes of setting minimum terms for pre-SRA offenders in Stanphill. In 1995, the Indeterminate Sentence Review Board (Board), the successor to the parole board, considered the 1993 SRA sentencing grid and manual to set a minimum term for a rape committed in 1975. Stanphill, 134 Wn.2d at 168. In 1975, "the sentencing court was required to impose an indeterminate maximum sentence of life," and "the Board possessed the ability to set a minimum term of any length, provided it did not exceed the maximum sentence." Stanphill, 134 Wn.2d at 171. "When the Board set Stanphill's minimum sentence in 1994, the Board retained the discretion to impose a minimum term of up to life, provided it did so after consideration of the standards, purposes, and ranges of the SRA." Stanphill, 134

Wn.2d at 171. Rejecting Stanphill's ex post facto challenge, the Supreme Court noted that the Board imposed a minimum term "within the bounds of a permissible 1975 sentence." Stanphill, 134 Wn.2d at 173. The court also rejected Stanphill's equal protection challenge, observing that the "use of the current SRA is a deliberate and rational attempt to converge two distinct sentencing schemes, to transition from determinate to indeterminate sentencing, and to set consistent sentences for similar offenders," particularly in view of changes in sentencing ranges and changes in the legislature's view of criminal punishment over time. Stanphill, 134 Wn.2d at 175-76.

Here, as in Stanphill, the trial court appropriately exercised its broad discretion under RCW 9.95.011 and set a minimum term reasonably consistent with the SRA. Folds fails to demonstrate grounds for relief.

Folds has filed a brief statement of additional grounds for relief. In his first ground, Folds refers to his version of the events of February 1983 and expresses sorrow and grief but does not request any relief. In his second ground, Folds claims he has not received any jail good time credit and asks this court to "look at" his good time credit. But because this allegation rests on matters that are outside the record, it cannot be considered on direct appeal. State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995).

Affirmed.

WE CONCUR:

-6-